◼ ZUNINO-ALTMAN, INC., Respondent, v. HUBERT WAREHOUSES, INC., Appellant.— Order entered on October 11, 1965, denying defendant's motion for an order to take the deposition of two insurance companies, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, with $15 costs and disbursements to the defendant-appellant. Plaintiff's merchandise, while stored in defendant's warehouse, was damaged by fire, and this action was brought to recover the damages. The two insurance companies defendant seeks to examine had issued policies of insurance covering plaintiff in respect of the property involved in the fire, and have paid plaintiff the adjusted loss. The action, accordingly, is for the benefit of the insurers as subrogees and they control its prosecution. Under these circumstances, and it being sufficiently shown that the insurers possess information material to the issues, the taking of their depositions pursuant to CPLR 3101 (subd. [a], par. [4]) is appropriate. No contention is made that the evidence sought is privileged matter, attorney's work product, or material prepared for litigation. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.

◼ JOSEPH F. EGAN, INC., Respondent, v. CITY OF NEW YORK, Appellant. — Upon remission to this court by the Court of Appeals, pursuant to CPLR 5613 for a determination of the facts, the second cause of action is reinstated and the verdict thereon affirmed. The concessions of the defendant leave no question of the performance of the services or their value. The judgment appealed from should be modified accordingly on the law and the facts, without costs or disbursements. Settle order on notice. Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.

◼ THOMAS ATHANASIOU, Respondent, v. NATIONAL TRANSPORTATION CORP. et al., Appellants.— Order, entered July 29, 1965 and order, entered October 18, 1965, unanimously reversed and vacated, on the law, on the facts and in the exercise of discretion, with one bill of $30 costs and disbursements to defendants-appellants, and motion for a special preference denied, with $10 costs. The decision of Special Term, as first released and published on July 30, 1965, stated that plaintiff's motion for a preference was denied, noting: " This cause has been denied a general preference, and in March, 1964, this Court denied an identical application as herein. Nothing subsequently new has been added to this submission to warrant a different result." This was a correct and proper determination of the present motion for a preference; there was no proper showing of a change in circumstances or additional information warranting the overruling a Justice of co-ordinate jurisdiction in the prior determination denying both a general preference and special preference. (Cf. *Lee* v. *Lehrer*, 3 A D 2d 702; *Ivory* v. *Widaben Realty Corp.*, 5 A D 2d 266; *Carlos* v. *MVAIC*, 22 A D 2d 866.) Consequently, there was no justification for the signing and entry of the order herein (order, entered July 29, 1965), which, contrary to Special Term's decision as published, provided for the granting of the preference; nor for the rendition on reargument, of the order (order, entered Oct. 18, 1965) which, without statement of reasons, adhered to the granting of the preference contrary to the Justice's published decision. Concur — Rabin, J. P., McNally, Stevens and Eager, JJ.